Citation Nr: AXXXXXXXX
Decision Date: 08/31/21 Archive Date: 08/31/21

DOCKET NO. 210519-161665
DATE: August 31, 2021

ORDER

Service connection for a left shoulder disorder is denied.

FINDING OF FACT

The preponderance of the evidence is against finding that the Veteran's left shoulder disorder began during active service, within one year of separation, or is otherwise related to an in-service injury or disease.

CONCLUSION OF LAW

The criteria for service connection for a left shoulder disorder are not met. 38 U.S.C. §§ 1131, 5107(b); 38C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from October 1959 to September 1961.

In an August 2019 decision, the Board denied the claim for service connection for a left shoulder disorder. The Veteran filed a supplemental claim in May 2021. In a May 2021 rating decision, the Agency of Original Jurisdiction (AOJ) found that new and relevant evidence had been received to warrant readjudication, but determined that service connection was not warranted.

In the May 2021 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Evidence Submission docket. Therefore, the Board may only consider the evidence of record at the time of the May 2021 AOJ decision on appeal, as well as any evidence submitted by the Veteran with, or within 90 days from receipt of, the VA Form 10182. 38 C.F.R. § 20.303.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c).

Service Connection

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1131, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004).

Certain chronic diseases, including arthritis, will be presumed related to service, absent an intercurrent cause, if they were shown as chronic in service; or, if they manifested to a compensable degree within a presumptive period following separation from service; or, if they were noted in service (or within an applicable presumptive period) with continuity of symptomatology since service that is attributable to the chronic disease. 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.303, 3.307, 3.309. Walker v. Shinseki, 708 F.3d 1331, 1338 (Fed. Cir. 2013).

The Veteran asserted that his left shoulder condition began in service due to a left shoulder injury in 1961. See May 2017 VA Form 9.

The Board has previously found that the Veteran has a diagnosis of a left rotator cuff tear with acromioclavicular joint osteoarthritis based on a June 2015 VA examination. The Board has also found that he met the in-service injury element as his service treatment records showed a left shoulder injury after falling from a ladder in August 1961. The Veteran made a rapid recovery and was discharged to full duty five days later with free and painless range of motion in the left shoulder, minimal tenderness, and a stable acromioclavicular joint. His upper extremities were found normal at his separation exam in September 1961. Thus, the question that remains is the nexus.

The record contains conflicting medical opinions regarding whether the Veteran's left shoulder disorder is at least as likely as not related to an in-service injury, event, or disease.

The June 2015 VA examiner opined that the left shoulder disability was less likely than not incurred in or caused by the claimed in-service injury, event or illness. The examiner explained that the Veteran was seen once following the left shoulder injury and returned to full duty following conservative care with no fracture or dislocation. The examiner found no objective evidence of subsequent left shoulder problems in service or proximate thereto, and noted that the September 1961 separation examination was normal. Based on review of the record, the results of the examination, and medical principles, the examiner was unable to link the Veteran's left shoulder disability to service. The VA examiner's opinion is probative, because it is based on an accurate medical history and provides an explanation that contains clear conclusions and supporting data. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008).

In August 2019, VA received a private opinion from Dr. R.D. The physician opined that, after reviewing the Veteran's past military health record and his current left shoulder condition, it was "more likely than not 51% probability or greater" that the Veteran's left shoulder condition was caused by his military service injury in 1961. The physician did not provide any rationale. Unfortunately, this opinion is less probative than the VA examiner's opinion. A conclusion without any rationale is afforded little probative weight. A medical opinion with sufficient rationale or explanation as to how the Veteran's current left his shoulder disorder was at least as likely as not related to his active service, to include his in-service shoulder injury, is needed. Thus, the June 2015 VA examiner's opinion is afforded more weight at this time. 

The Veteran has a diagnosis of acromioclavicular joint osteoarthritis, which is a chronic disease under 38 C.F.R. § 3.309. However, it was not shown as chronic in service, did not manifest to a compensable degree within a presumptive period, and was not noted in service with attributable continuity of symptomatology. A left shoulder osteoarthritis was not noted in service or within a year of discharge. His daughter reported that the earliest recollection of her father's left shoulder problems dates to approximately 1979. His spouse first noticed a potential left shoulder problem in 1963 but conceded that she was unable to recall any details about the condition's progression. Accordingly, presumptive service connection for a left shoulder disorder is not warranted.

While the Veteran is competent to report having experienced pain since service, he is not competent to provide a diagnosis in this case or determine that the symptom was manifestation of his current left shoulder disability as he has not demonstrated the necessary medical expertise. The issue is medically complex, as it requires knowledge of the interaction between multiple organ systems in the body and interpretation of complicated diagnostic medical testing. Jandreau v. Nicholson, 492 F.3d 1372, 1377, 1377 n.4 (Fed. Cir. 2007).

In sum, the evidence weighs against a nexus between the Veteran's current left shoulder disorder and active military service, to include onset during or within one year of separation from active service.

(Continued on the next page)

 

Accordingly, the benefit of the doubt doctrine does not apply. Service connection is not warranted. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990).

 

 

Timothy Berryman

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board B. Jake Choi, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.